IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES ROBERT SHELTON     :

              :

 v.            : Civil Action No. DKC 11-0952

              :

ATLANTIC BINGO SUPPLY CO.    :

              :

**MEMORANDUM OPINION**

Presently pending and ready for review in this employment discrimination case is the motion to dismiss Plaintiff's complaint filed by Defendant Atlantic Bingo Supply Co.[1] (ECF No. 10). The clerk of the court notified Plaintiff of the pendency of the motion and the necessity for filing a response. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Despite the grant of an extension of time to file, no response was received. The issues are briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

---

[1] According to Defendant's motion, the proper name of Defendant is "Atlantic Bingo Supply, Inc." As such, the clerk will be directed to correct the party name in this case.

**I.   Background**

On April 12, 2011,[2] Plaintiff, proceeding *pro se*, filed a complaint for employment discrimination in this court, specifically alleging violations by Defendant of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*  (ECF No. 1).[3]  Plaintiff's complaint states that he was obliged to endure certain working conditions that others did not, refused a promotion on at least three occasions, and ultimately terminated from his employment on December 30, 2009.  (*Id.* at 2).  The complaint also states that he was retaliated against several times "for work[]men comp" (*id.*) and that Defendant refused to pay for a "workman compensations Dr. visit" (ECF No. 1-1, at 8).  Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Maryland Human Relations Commission on August 11, 2010, and he received a right-to-sue letter from the EEOC on January 11, 2011.  (ECF No. 1, at 3).  Defendant filed a motion to dismiss Plaintiff's complaint on June 22, 2011.  (ECF No. 10).

---

[2] The complaint was placed in the court's night deposit box after the court closed for the day.  The complaint is dated by Plaintiff.

[3] Plaintiff and Defendant are residents of Maryland.

**II. Motion to Dismiss**

Defendant advances three arguments for dismissing the complaint.  First, Defendant argues that service was improper.  Second, Defendant argues that Plaintiff's Title VII and ADEA claims are time-barred because he filed his complaint ninety-one days after he received a right-to-sue letter from the EEOC.  Third, Defendant argues that to the extent Plaintiff asserts a cause of action for violation of the Maryland workers' compensation statute, he fails to state a claim on which relief may be granted.  Because the court finds that Defendant's second argument is dispositive of the entire case, that argument will be addressed first.

To assert a cause of action under Title VII or the ADEA, a claimant must timely file suit within ninety days after receipt of a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984) (ruling that a claimant forfeits the right to pursue a claim under Title VII if suit is not brought within ninety days); *Fisher v. Md. Dep't of Hous. & Cmty. Dev.*, 32 F.Supp.2d 257, 264 (D.Md. 1998) (same as to the ADEA).  The ninety-day period is not jurisdictional, but instead is treated as a statute of limitations period.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982) (Title VII); *see Fisher*, 32 F.Supp.2d at 264 (ADEA).  Nevertheless, the ninety-

3

day timing requirement is strictly enforced. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (ruling that a Title VII action filed ninety-one days after the claimant's wife received the notice was untimely).

Here, Plaintiff states that he received a right-to-sue letter from the EEOC on January 11, 2011. (ECF No. 1, at 3). Although he did not attach the EEOC letter to his complaint, there is no reason to doubt the accuracy of the date of receipt. April 11, 2011, which was neither a holiday nor the weekend, was the latest date that Plaintiff could have timely filed his suit, but Plaintiff filed his complaint on April 12, 2011. Despite Plaintiff's *pro se* status, the law is clear that the ninety-day filing requirement must be strictly construed in employment discrimination cases.

In certain circumstances, there may be "reasonable grounds for an equitable tolling of the filing period." *See Harvey*, 813 F.2d at 654; *accord Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993); *see also Lear v. Giant Food Inc.*, No. JFM-95-3691, 1996 WL 726919, at *1 (D.Md. Mar. 26, 1996) (considering equitable tolling in the ADEA context). In this case, Plaintiff has advanced no arguments in favor of

applying the equitable tolling doctrine to his situation,[4] and there is nothing in the pleadings to suggest that Plaintiff warrants such treatment. "The mere fact that plaintiff is proceeding *pro se* does not provide an excuse for non-compliance with the filing deadline." *Lear*, 1996 WL 726919, at *1 (citing *Baldwin Cnty. Welcome Ctr.*, 466 U.S. 147).

Accordingly, Plaintiff's Title VII and ADEA claims are barred for untimely filing and will be dismissed.[5] Defendant's

---

[4] Indeed, Plaintiff has not responded at all to Defendant's motion to dismiss despite receiving additional notice directly from the court concerning the pendency of the motion. On June 23, 2011, the clerk of the court sent a letter to Plaintiff warning him in no uncertain terms: "If you do not file a timely written response, the Court may dismiss the case or enter judgment against you without further notice." (ECF No. 11). Plaintiff's response was originally due on July 11, 2011. On July 22, 2011, and July 26, 2011, Plaintiff sent correspondence under seal to the court, which correspondence was construed as a request for additional time. Plaintiff's request was granted, and the new deadline for Plaintiff's response to the motion to dismiss was set for September 16, 2011. That date has now passed. Having heard no further from Plaintiff since his July correspondence, the court has no choice but to consider Defendant's motion unopposed.

[5] To the extent Plaintiff intended to bring a cause of action for failure to pay workers' compensation or retaliation for filing for workers' compensation, those state law claims will be dismissed without prejudice. Because Plaintiff's federal claims will be dismissed, there is no federal question jurisdiction, and because both parties are residents of Maryland, there can be no independent diversity jurisdiction over any remaining state law claims, including any potential workers' compensation claims. Therefore, supplemental jurisdiction will be declined. *See* 28 U.S.C. § 1367(c)(3). Plaintiff may be able to pursue these claims in an appropriate state court.

argument regarding improper service therefore need not be addressed. Even if Plaintiff's service were found to be proper or Plaintiff were allowed to perfect service, that fact would not overcome the lack of timeliness of his complaint.

### III. Conclusion

For the foregoing reasons, the motion to dismiss complaint filed by Defendant Atlantic Bingo Supply, Inc. will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
